# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                          CASE NO. 4:12CR00112 BSM

CALVIN LONG                                                 DEFENDANT

## PRELIMINARY ORDER OF FORFEITURE

On June 19, 2013, defendant Calvin Long appeared and pled guilty to count four of the indictment dated May 10, 2012. Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Long agreed to forfeit one Bennelli, model super black, 12-gauge shotgun, serial number U370486 and one Mossberg, model 500c, 20-gauge shotgun, serial number R340685 as specified in forfeiture allegation two of the indictment (hereinafter the "subject property").

Upon the entry of this order, the United States Attorney General, or his designee, is authorized to seize the above listed property and to conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, in accordance with Federal Rule of Criminal Procedure 32.2(b)(3). Additionally, the United States Attorney General, or his designee, is further authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this order.

The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General, or his designee, may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

Any person, other than the above named defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the order of forfeiture, pursuant to 18 U.S.C. § 2253, which incorporates 21 U.S.C. §853(n)(2).

Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(a), this preliminary order of forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. Additionally, if no third party files a timely claim, this order shall become the final order of forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2(c)(2) .

Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the subject property, and any additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the subject property following the disposition of all third-party interests, or, if none, following the expiration of the period

provided in 21 U.S.C. § 853(n) for the filing of third-party petitions.

The undersigned shall retain jurisdiction to enforce this order and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

IT IS SO ORDERED this 21st day of June 2013.

_____
UNITED STATES DISTRICT JUDGE